### CRAWFORD *et al. v.* SMITH.

Under the evidence and the pleadings in the case, the court did not err
in granting the interlocutory injunction.

No. 2031.    JANUARY 13, 1921.

Injunction. Before Judge Searcy. Pike superior court. March
20, 1920.

S. M. Smith brought a petition against J. T. Crawford and his
wife, Mrs. Delia Crawford, in which he alleged as follows: On
December 29, 1919, J. T. Crawford as agent for his wife caused
to be issued a warrant, upon affidavit duly made, to evict petitioner
from possession of certain lands. In August, 1914, petitioner and
J. T. Crawford made and entered into a lease contract, signed by
both of them, in substance as follows: Crawford leased to Smith
a certain farm in Monroe county (the subject matter of this suit),
to hold for a term of five years, 1915 to 1919 inclusive, Smith
agreeing to pay an annual rental therefor of 2500 pounds of lint-
cotton on or before the first day of November of each year. It was
further stipulated: " On or before the expiration of this lease the
said J. T. Crawford obligates himself to sell unto the said S. M.
Smith the land described above, for the sum of thirty-five hundred
($3500.00) dollars. If the said Smith pays five hundred ($500.00)
dollars on or before November 1, 1915, then the said Crawford
agrees to accept six notes for five hundred dollars each, bearing 7%
interest from November 1, 1915, due one each year, as balance of
purchase-price for said place, and give the said Smith bond for title
for same. On or before the day the rent is due of any year there-
after, up to the expiration of this lease, upon the payment of the
annual rental and five hundred dollars the said Crawford agrees
to accept six notes for five hundred dollars each, bearing 7% in-
terest from date of notes. These notes to be due one each year until
paid, and upon delivery of said notes the said Crawford agrees to
make and deliver to said Smith bond for title for the tract of land
described above, and guaranteeing to make or cause to be made good
and sufficient titles in fee simple to said land." Petitioner elected
to purchase the land in question, before the time stipulated in said
contract had expired. He tendered to J. T. Crawford the full
amount of money required under the contract to be paid, and execu-
ted and tendered his notes in compliance with the terms of the

contract. Crawford refused to accept the same, and refused to carry out his part of the contract or to make petitioner bond for title. Crawford has conveyed the lands to his wife, but this is only a colorable transaction; and the suing out of a warrant to evict in the name of Mrs. Delia Crawford was to prevent petitioner from filing his counter-affidavit as provided in the statute. He prayed, for injunction restraining the defendants from prosecuting the proceeding to evict; for specific performance; and that J. T. Crawford be required to execute bond for title to petitioner, and to receive the money tendered and the notes for the balance of the purchase-money.

J. T. Crawford, answered and admitted the execution of the contract, but denied that the transaction between himself and his wife in the conveyance of the land was merely colorable, alleging that it was in good faith. He further alleged that the petitioner had announced his intention of not electing to purchase the farm; and that there was no equity in the petition.

At the hearing, after evidence submitted, the court granted an interlocutory injunction, and the defendants excepted.

*R. L. Berner,* for plaintiffs in error.

*Redding & Lester,* contra.

BECK, P. J. (After stating the foregoing facts.) Under the conflicting evidence in the case the court did not abuse his discretion in granting the interlocutory injunction. The plaintiff in error insists that there was no consideration for the option contained in the contract, in the exercise of his rights under which the petitioner claims that he is entitled to specific performance; that there are two parts of this contract, one for rent, the other for an option; that they are separate and independent of each other; that the contract of rent is complete in itself; that Smith is not under any obligation to do anything except to pay the stipulated amount of cotton as rent; that the other part of the contract is an option; that it is separate and complete in itself; that the contract for rent is enforceable, but the option is not enforceable at the suit of Smith, because it is unilateral and without consideration. The construction of the contract by the court below was adverse to this contention of the plaintiff in error. And we are of the opinion that this construction by the court below is the correct one. The portion of the

written contract executed by Smith and Crawford containing the option is a part of one entire contract, and is not a separable contract. The contract contains an agreement to lease upon the part of Crawford, and an agreement to pay a stipuláted rent by Smith. The fact that the instrument contained the option may be considered as a part of the consideration inducing Smith to enter into the contract; and it may also be true that Smith had agreed to pay a larger amount as rent under a contract containing the option than he would have agreed to pay had there been no option. In the case of *Walker* v. *Edmundson,* 111 *Ga.* 454 (36 S. E. 800), it was said: " Nor was the contract in the present case without consideration. It will be remembered that the contract of rental of the premises, of sale of the merchandise, and of giving an option on the land was all one. Edmundson agreed to rent the place and buy the goods, and Walker agreed to sell the land at any time within two years that Edmundson desired to purchase it. We think the promise of Edmundson to pay rent for the place and the payment by him of the purchase-price of the goods was sufficient consideration for Walker's promise to sell him the land. In all probability Edmundson would not have agreed to rent the place and buy goods at the agreed terms if Walker had not given the option as part of the contract. It is probable that Edmundson was induced to buy the goods for a larger price by this opportunity to obtain the stand or location for merchandising, in the hope of continuing business there. Certainly he did have this option included as part of the contract, and the consideration of the contract supports its every part, it being entire. Nor was the contract unilateral. One party agreed to pay rent and buy the goods, and the other promised to allow the use of the rented place, to sell the goods, and to sell the land at the option of the first." See also *Baker* v. *Davis,* 127 *Ga.* 649 (7), 655 (57 S. E. 62), and cases there cited.

It is clear that the petition is not without equity, when we consider the allegation of the transfer or conveyance of the title of the land to the wife of Crawford, and the allegation that the transaction was merely colorable. The evidence on the subject of tender was such as to authorize the judge to find in favor of petitioner on that issue.      *Judgment affirmed. All the Justices concur.*