## HARPER *v.* GLEATON *et al.*

No. 7200. FEBRUARY 12, 1930.

*W. H. Terrell,* for plaintiff.    *C. R. Vaughn,* for defendants.

RUSSELL, C. J.   Harper brought an equitable petition in the superior court of DeKalb County against M. A. Bailey and Walter Bailey of Rockdale County, and Mrs. Gleaton, alleged to be a resident of DeKalb County.   In this petition Harper alleged that he had purchased from M. A. Bailey a tract of land in Rockdale County, very definitely described in the petition, and at the time of the purchase he had paid part of the purchase-price and that Bailey wrote and gave him the following receipt:  "Received of F. G. Harper $10 for part payment on the Anglin place.   M. A. Bailey." He alleged that the real date was December 5, 1927, the consideration $350 to be paid on or by December 20, 1927, subject to examination and approval of title; that the Anglin place was a well-known place in Rockdale County, containing 70 acres of land with the certain definite boundaries which were alleged; that M. A. Bailey put Walter Bailey in possession, and he claimed to have bought it; that M. A. Bailey, on December 10, sold to Mrs. Gleaton and made a deed to her; and that both she and Walter Bailey took with full notice and knowledge of Harper's purchase and rights.   He prayed, if the contract needed reforming, which he did not believe it did, that it be reformed to speak the entire contract; and by amendment he alleged that the mistake or omission in the receipt was Bailey's, that there was no intention on the part of Bailey to perpetrate a fraud, but that the mistake was due to a mistaken idea on the part of both of them that the receipt was sufficient, and this mistake was mutual, because the petitioner did not then know that the terms as to the amount and payment of the purchase-price and fuller details as to the date of the contract and the description of the land should be given.   M. A. Bailey demurred upon the grounds:   (1)   That the petition does not show that by the use of ordinary diligence the plaintiff could not have acquainted himself with the existence of any mistake in the receipt at the time of its execution.   (2)   That the petition shows that the plaintiff was guilty of laches in not ascertaining the contents of said receipt or in not asking defendant to change the same. (3)   Specially, because it is not alleged how or in what manner the mistake occurred, or what caused or brought about the alleged

mistake, or why said mistake was not discovered by the plaintiff. On December 3, 1928, the court sustained this demurrer, and the plaintiff excepted pendente lite. Thereafter the court sustained a motion to dismiss the case as to M. A. Bailey and Mrs. Gleaton. As to Mrs. Gleaton the only defendant alleged to be a resident of DeKalb County, there was an entry of service as follows: "Georgia, DeKalb County. I have this day served the defendant Mrs. T. J. Gleaton by leaving a copy of the within writ and process at his most notorious place of abode in this county. This Jan. 13, 1928. Jake Hall, Deputy Sheriff." Mrs. Gleaton traversed the entry of service, and Jake Hall, who was then sheriff of DeKalb County, and Harper, were made parties to the traverse. In response to a motion to dismiss the traverse upon the ground that the sheriff of DeKalb County at the time the return of service was made was not made a party to the traverse, Mrs. Gleaton had the executors of J. A. McCurdy, the then sheriff, made parties to the traverse. No final disposition appears to have been made of the traverse of service, though the plaintiff filed exceptions pendente lite complaining of the order of the court making Jake Hall a party to the traverse, upon which exception error is assigned in the bill of exceptions.

In the state of the record the first question to be determined is whether the court erred in sustaining the demurrer and the motion to dismiss; and the decision upon this question depends upon whether the plaintiff's petition as amended sufficiently set forth a cause of action for reformation of the receipt to withstand the attacks made by the demurrer. The demurrer and the motion to dismiss, which was sustained on April 6, 1929, rested upon the following grounds: "Now comes C. R. Vaughn, attorney for defendants M. A. Bailey and Mrs. T. J. Gleaton (having become attorney for Mrs. Gleaton at the time she heretofore filed traverse to the return of sheriff in said case). And now defendants aforesaid move the court to amend his order sustaining demurrer to said petition filed by M. A. Bailey under date of Dec. 3, 1928, so that said order of court shall apply to entire petition in said case, and that said petition be dismissed as to both defendants M. A. Bailey and Mrs. T. J. Gleaton, on account of fact that said plaintiff can not proceed against Mrs. Gleaton without proceeding against M. A. Bailey; and M. A. Bailey not being in court, this petition

should be dismissed also as to Mrs. Gleaton, and on the further ground that said petition sets forth no cause of action against Mrs. T. J. Gleaton."

Considering the various assignments of error presented by the bill of exceptions in their chronological order, as we think we should, we shall first deal with the exception which assigns error upon the judgment of the court of December 3, 1928, in sustaining the demurrer filed by the defendant M. A. Bailey and which dismissed him from the action. To this judgment exceptions pendente lite were duly filed on December 26, 1928, and error is duly assigned upon this ruling in the bill of exceptions. The original petition was filed December 27, 1927. On December 31, 1927, it was served upon M. A. Bailey and Walter Bailey, alleged in the petition to be residents of Rockdale County, by service of a second original, the entry of service being made by S. I. Cowan, sheriff of that county. The entry of service upon the original, made on January 13, 1928, by Jake Hall, deputy sheriff, is as follows: "Georgia, DeKalb County. I have this day served the defendant Mrs. T. J. Gleaton by leaving a copy of the within writ and process at his most notorious place of abode in this county. This Jan. 13, 1928. Jake Hall, Deputy Sheriff." At the February term, 1928, M. A. Bailey, protesting the jurisdiction of the court, filed an answer and demurrer to the petition on February 29, 1928. In response to this demurrer the plaintiff by leave of the court amended his petition. In the amendment he alleged in substance, stating as the reason why the contract should be reformed, that he did not know that the date, consideration, and other particulars necessary to be definitely stated were essential at the time that he accepted the receipt; and further, that Bailey, who drew the contract, was ignorant of what it ought to contain, alleging that plaintiff believed that the mistake in drafting the contract as made by Bailey was solely on account of this ignorance, and not done with any intent to draft a defective agreement, "and that said Bailey never knew there was a possibility that he might defeat the plaintiff because of the omission in the contract as written." This amendment was pending at the time that the court had the hearing upon the demurrer. The demurrer of Bailey was based upon the following grounds: "(1) Petition does not show that by the use of ordinary diligence the plaintiff could not have acquainted himself with the existence of

any mistake in the receipt, the basis of said suit, at the time of its execution. (2) The petition shows on its face that the plaintiff was guilty of laches in not ascertaining the contents of said receipt or of asking this defendant to change same to correspond with what plaintiff alleges said receipt should contain and show. (3) Defendant demurs specially to paragraph 3 of said petition, and for ground of demurrer says that said paragraph does not allege where, how or in what manner the mistake occurred and happened, neither is it alleged in said paragraph or elsewhere in said petition what caused or brought about the alleged mistake, nor is it alleged wherein, why, or in what manner the alleged mistake was brought about, caused, or happened; neither is it alleged in said paragraph or elsewhere why said mistake was not discovered by plaintiff. Wherefore this defendant prays that said demurrer be sustained, and that he be discharged from further appearance." The original allegations of paragraph to which the demurrer is specially directed are as follows: "(3) That by mistake of the scrivener, M. A. Bailey, of said paper and contract aforesaid, the time and place of making said contract, the contract or purchase-price of said land, where said land was located and the metes and bounds thereof, the terms of payment, and the kind of deed and title defendant agreed to convey to petitioner, as well as the time to be allowed for examination thereof and the fact that petitioner must be satisfied as to the title, were each and all left out of said writing and contract, and to the extent herein set out the same does not speak the truth of said transaction, and for that reason the same should be reformed so as to conform to the facts hereinbefore set forth in this paragraph [petition?]." The demurrer specially addressed to the third paragraph is insufficient to have authorized the dismissal of M. A. Bailey from the action, because the facts as to the matters referred to in this paragraph are fully and specifically stated in paragraph one of the original petition. The allegation as to mistake in the third paragraph was fully met by the amendment which sufficiently states a case of mutual mistake. A mistake made with intent to defraud the opposite party is altogether different from the case presented where neither party has any intent to defraud and the omission of essential terms of a parol contract which is being reduced to writing of essential averments to complete the writing is due to ignorance as to the legal effect of the instrument as

honestly reduced to writing by the scrivener. In other words, an omission on the part of the scrivener to reduce to writing the stipulations agreed upon in parol but which can only be made binding by embodying the agreement in writing will permit a reformation if the scrivener or the parties are ignorant of the legal effect of the instrument as reduced to writing; but when the scrivener or either of the parties prepares the instrument with intent to defraud the opposite party, the action must be based upon the fraud, and can not be based upon mutual mistake. In our opinion the allegations upon this subject in the amendment to the plaintiff's petition clearly presented a case of mutual mistake, and excluded entirely the idea that the omission in this case was induced by any intent to defraud.

The first and second grounds of the demurrer, setting up that the plaintiff by the use of ordinary diligence could have acquainted himself with the existence of any mistake at the time of the execution of the receipt, was also met by the amendment, for if both parties were of the opinion that the receipt as drawn was sufficient and neither of them knew that it was not sufficient, the plaintiff could not have acquainted himself with the existence of the mistake at the time of the execution of the receipt. While the law does not impute ignorance of the law to any one, and all are presumed to know the law, there are many cases holding that there may be a mistake of law as to the effect of the language used or omitted in the execution of writings, which authorizes reformation. The second ground of demurrer, based upon the ground that the plaintiff was guilty of laches in not ascertaining the contents of said receipt or asking the defendant to change the same, is without merit. This court has more than once held that laches is a question of fact for determination by a jury. *Grant* v. *Haymes,* 164 *Ga.* 371 (4a) (138 S. E. 892). We are of the opinion that the court erred in sustaining the demurrer and dismissing M. A. Bailey from the case. The error was so vital as to preclude the plaintiff from any of the relief sought by him. While at this stage of the proceedings the court still had jurisdiction, because the entry of the deputy sheriff of service upon Mrs. Gleaton at her most notorious place of abode in DeKalb County had not been traversed, the plaintiff's rights depended primarily upon establishing a case against M. A. Bailey. Thereafter it would devolve upon the plaintiff to prove

that Mrs. Gleaton, as alleged in the petition, bought the land from Bailey with complete and full knowledge of the fact that it had already been sold by Bailey to Harper. But whatever might be the plaintiff's rights, he could not proceed further after Bailey had been stricken from the case. It is true that Mrs. Gleaton later filed a traverse of the sheriff's entry of service, and it is true that appropriate steps were taken to make the deputy sheriff, and also the executors of the deceased sheriff who was in office at the time of the entry of service, parties to the traverse. Exceptions pendente lite were filed and are preserved in the bill of exceptions to the action of the court in this respect. But it is not necessary to deal with these, because it appears from the record that no action had been taken upon the traverse other than permitting the persons named to be made parties over the objection of the plaintiff. Nothing is better settled than that the entry of a sheriff imports verity. Being an officer acting under oath, his entry stands as true until it is rebutted by sufficient evidence to show that it is false, and no evidence upon that subject had been introduced in this case. It appears from the record that the further proceeding in dismissing the action against Mrs. Gleaton was nugatory, for the error in sustaining the demurrer interposed by Bailey requires another trial of the cause.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*