REDMOND *v.* SINCLAIR REFINING COMPANY.

No. 16449.  JANUARY 12, 1949.

*R. B. Lambert* and *Noah J. Stone*, for plaintiff in error.

*Alex M. Hitz*, contra.

HEAD, Justice. █ The demurrers of the defendant contend that the petition sets forth no cause of action, sets forth no equitable grounds entitling the plaintiff to the relief for which it prays, and that the contract is too vague, indefinite, uncertain, and indistinct to support a decree of specific performance.

The option to purchase in the instant case appears to be certain, fair in all its parts, based on an adequate consideration, and capable of being performed. In *Chance* v. *Beall*, 20 *Ga.* 142, the following is held: "Where a contract for the sale of land is in writing—is certain—and fair in all its parts—is for an adequate consideration, and capable of being performed, it is just as much a matter of course for a Court of Equity to decree a specific performance of it as it is for a Court of Law to give damages for it in other cases." See also *Forsyth* v. *McCauley*, 48 *Ga.* 404; *North Ga. Mining Co.* v. *Latimer*, 51 *Ga.* 47 (3)'; *Jackens* v. *Nicolson*, 70 *Ga.* 198 (3) ; *Dunton* v. *Mozley*, 42 *Ga. App.* 295 (3) (155 S. E. 794).

█ The payment of the monthly rental stipulated in the contract over a period of approximately 10 years is sufficient consideration to support the option to purchase. See *Walker* v. *Ed-*

*mundson,* 111 *Ga.* 454 (36 S. E. 800); *Turman* v. *Smarr,* 145 *Ga.* 312 (3), 314 (89 S. E. 214); *Crawford* v. *Smith,* 151 *Ga.* 18 (105 S. E. 477); *Pope* v. *Read,* 152 *Ga.* 799, 802 (111 S. E. 382); *Mc-Kown* v. *Heery,* 200 *Ga.* 820 (38 S. E. 2d, 425).

■ It is contended that the provision contained in the notice to exercise the option to purchase, to the effect that the plaintiff contemplates employing its attorney to examine the title to the property in question, offering to waive the provision of the contract contained in the clause, "Conveyance Requirements," and conditioned upon the defendant paying the plaintiff's attorney for this service, renders the alleged offer to exercise the option ineffective, as being at variance with the terms of the contract.

All negotiations with reference to an exercise of the option by the plaintiff were had prior to the expiration of the lease contract, and at no time did the defendant complain that the offer to exercise the option was not in accordance with the contract because it contained the proposal that the defendant pay counsel for the plaintiff for the examination of the title instead of financing the examination thereof in accordance with the terms of the contract. On the other hand, it appears that the plaintiff not only waived the title examination requirements as contained in the contract, but that he also waived the proposal contained in the notice to exercise the option to purchase, that the defendant pay the plaintiff's counsel for this service. From the allegations of the petition it appears that this examination of the title was made by counsel for the plaintiff at no cost to the defendant. If there is any variation between the notice to exercise the option, and the terms of the contract, it amounts only to a waiver by the plaintiff of some of the provisions of the contract inserted therein for its benefit, and is a matter about which the defendant has no cause for complaint.

■ It is contended that the offer to purchase was not made during the term of the contract. The contract is dated May 11, 1937, and the option to purchase contains provisions that it must be exercised by the giving of not less than 30 days' notice during the original term of the lease. The contract further provides as follows: "When said premises are delivered to and accepted by Lessee ready for occupancy, the parties hereto shall sign a written memorandum, supplemental to this lease, fixing and specifying

such date as the date of the commencement of the term for all matters in connection with this lease."

An agreement, dated December 7, 1937, and signed by the defendant, fixes November 12, 1937, as the date for the commencement of the lease. Although this notice is not signed by any officer or agent of the plaintiff as contemplated by the contract, the petition discloses that, pursuant to the execution of this memorandum by the defendant, the plaintiff entered upon the premises and continued to pay rent thereon for approximately 10 years, which was accepted by the defendant. The notice was signed by the defendant, and it is immaterial to any issue in this case that it was not signed by some duly authorized agent of the plaintiff. The effect of the notice was to fix the expiration of the lease 10 years from November 12, 1937. The offer to exercise the option was made during the term of the lease contract.

■ The demurrers of the defendant also contend that the tender of the purchase-price was insufficient, in that it was not made in accordance with the terms of the contract. As amended, the petition alleges that a tender of $10,000 was made by duly authorized agents of the defendant unconditionally. The allegations of the petition as to tender were sufficient. See *Groover* v. *Brandon*, 200 *Ga.* 153 (36 S. E. 2d, 84), and cases cited.

■ The demurrers of the defendant attack that part of the contract providing for the erection of a suitable building or buildings on the premises as being too uncertain to be the basis of a contract between the parties, because the plans or specifications, the dimensions of the building, the date within which it is to be constructed, the nature of the driveway, approaches, plumbing, electric fixtures, and the sewer and water connections are not specified, and no key is given whereby it may be made definite.

This provision of the contract relates to the lease agreement, which has been fully performed. It has no connection with the part of the contract relating to the option to purchase, and however vague and indefinite it may be, this provision affords no defense against the specific performance of the option to purchase the property.

■ The demurrers of the defendant also contend that the part of the contract providing for the option to purchase is unilateral, in that the defendant could not under its terms require the plain-

tiff to exercise the option to purchase, and is therefore null and void.

13 C. J. 336, § 183, defines an option as follows: "An option founded on a consideration is a unilateral agreement binding, from the date of its execution, on the party who executes it; and it becomes a contract inter partes when exercised according to its terms." See *Floyd* v. *Morgan*, 60 *Ga. App.* 504 (4 S. E. 2d, 91). In *Black* v. *Maddox*, 104 *Ga.* 164 (30 S. E. 723), this court quotes with approval from Waterman on Specific Performance, § 200, as follows: "But it is well settled that an optional agreement to convey, or to renew a lease, without any covenant or obligation to purchase or accept, and without any mutuality of remedy, will be enforced in equity if it is made upon proper consideration, or forms part of a lease or other contract between the parties that may be the true consideration for it; though such an agreement can perhaps scarcely be called an exception; for, being in fact a conditional contract, when the condition has been made absolute by a compliance with its terms, the contract becomes mutual and capable of enforcement by either party. A contract for the sale of real estate at the option of the vendee only, upon election and notice, may not only be specifically enforced, but the refusal of the vendor to accept the purchase money will not destroy the mutuality, though the vendee could thereupon withdraw his election." The option to purchase after notice of the plaintiff to exercise it was a bilateral contract and binding on both parties.

The contract contains a provision as follows: "If Lessor now owns or controls, or shall acquire during the term of this lease, any real estate adjacent to the premises covered hereby, Lessor further covenants and agrees that, without Lessee's written consent, it will not use or permit to be used such adjacent premises for the storage, sale, distribution or advertisement of petroleum products."

The demurrers of the defendant assert that the contract is null and void because this provision violates the Constitution of this State, art. 4, sec. 4, par. 1 (Code, Ann., § 2-2701), which provides that "All contracts and agreements which may have the effect, or be intended to have the effect, to defeat or lessen competition, or to encourage monopoly, shall be illegal and void."

The·provision of the contract complained of applies only to the lease. The lease has now been fully performed and, accordingly, this provision of the contract has expired. Conceding, but not deciding, that this provision is offensive to the Constitution, it can not now be urged as a defense to the option clause of the contract, to which it has no application.

■ It is contended by the defendant that the description of the property as contained in the contract is insufficient to constitute the basis of an action for specific performance. The petition, as finally amended, discloses that the plaintiff does not seek the conveyance of the property as described in the contract. After final amendment, it appears that the plaintiff seeks the specific performance of the contract after it has been reformed by including therein the description of the property as it contends it was mutually agreed between the parties that the contract would specify. The plaintiff contends that by mutual mistake of the parties the correct description was left out of the contract, and the description of the property as disclosed by the contract was inserted therein.

The description as contained in the amendment seeking reformation is legally sufficient, and since the plaintiff no longer seeks the specific performance of the contract containing the description under attack, it becomes unnecessary for this court to decide whether or not that description is legally sufficient.

■ The demurrers attacked that part of the petition seeking reformation of the contract, on the grounds that it fails to set forth a cause of action for reformation, and that the action for reformation is barred by the statute of limitations and by · laches, in that the petition was filed more than ten years from the date of the contract.

In *Collier* v. *Lanier*, 1 *Ga.* 238, it was held: "Where an instrument is drawn, and executed, which professes and is intended to carry into execution, an agreement, whether in writing or by parol, previously entered into, but which, by mistake of the draftsman, either as to fact or law, does not fulfill, or which violates the manifest intention of the parties to the agreement, equity will correct the mistake, so as to produce a conformity of the instrument to the agreement." See also *Richardson* v. *Perrin*, 137 *Ga.* 432, 436 (73 S. E. 649) ; *Harper* v. *Gleaton*, 170 *Ga.* 40,

45 (152 S. E. 70); *Martin* v. *Oakhurst Development Corp.,* 197 *Ga.* 288, 293 (29 S. E. 2d, 179).

Clearly, under the allegations of the petition, the contract did not accurately describe the land which formed the basis of the lease and option agreement, and upon which the defendant had collected rentals for a period of approximately ten years. The petition alleges that the property as described in the prayer for reformation is the same property which the defendant delivered possession of to the plaintiff and upon which the defendant has received rentals for ten years. Under the allegations of the petition, no other property could have been contemplated by the parties at the time of the execution of the contract other than that actually delivered by the defendant to the plaintiff; and it appearing that the contract did not describe the property in conformity with the agreement of the parties, a cause of action for reformation of the contract was made by the petition. See the Code, §§ 37-105, 37-205, 37-215.

In *Richardson* v. *Perrin* (supra), at page 437, it was held: "It was urged, that, because the time for asserting the option had expired, there was no contract to reform, and the equitable petition seeking reformation was therefore demurrable. We can not concur in this position. If the contract should be reformed, it would stand as if originally so written, as between the parties. It was alleged that within the time prescribed by the contract the plaintiff elected to purchase the land, and tendered payment therefor, and that the defendant refused to carry out the contract. It is the exercise of the option, not the reformation of the contract, which must take place within the time limited, if the contract fixes a limit."

The notice, given by the plaintiff to the defendant under the option provision of the contract, was not too late, the effective date of the lease having been established by the defendant's notice to the plaintiff in December, 1937, and the rights of the optionee under the contract not having expired, the action for reformation of the contract was not too late.

The petition, as amended, set forth a cause of action for both reformation and specific performance of the contract, and the judgments overruling the general demurrers are without error.

*Judgment affirmed. All the Justices concur.*