44221. LANGDALE COMPANY v. DAY.
44222. LANGDALE COMPANY v. SAPP.

ARGUED JANUARY 7, 1969—DECIDED FEBRUARY 17, 1969.

*Ewing & Williams, Lee R. Williams, Langdale & Langdale, John H. Langdale, H. L. Cole,* for appellant.

*Dewey Hayes, Sumner & Boatright, J. Laddie Boatright,* for appellees.

FELTON, Chief Judge. ■ The plaintiff's valid, though unrecorded, timber lease agreement extension, based upon a valuable consideration, gives it rights to the timber on the realty which take priority over the defendants' rights thereto, based upon their subsequent, recorded deeds reciting considerations of love and affection, regardless of whether or not the defendants had notice of the lease extension. *Price v. Watts,* 223 Ga. 805 (1) (158 SE2d 406), and citations. The charges to the juries, to the effect that the defendants must have had notice of such extension to be bound thereby, were, therefore, harmful error.

■ "Timber which had been cut pursuant to and during the term of the timber lease [the same lease as here involved] but not removed from the land became the property of the lessee, and it did not lose its title thereto merely because such timber was left on the defendant's property, and it could maintain a trover action to recover it, notwithstanding that the lease contract contained no express reservation of such right." *Langdale Co. v. Day,* 115 Ga. App. 30 (6b) (153 SE2d 671).

■ The allegations of the plaintiff's petitions were supported

by uncontroverted evidence which demanded verdicts for the plaintiff on the issue of liability, leaving for the juries merely the question of the amounts of the damages. The court erred in its ruling denying the plaintiff's motion for a directed verdict on the issue of liability and in entering judgment on the verdict for the defendant in both cases. New trials are granted to determine the issue of damages.

*Judgments reversed. Pannell and Quillian, JJ., concur.*