45948. BAGWELL v. HENSON et al.

Argued February 1, 1971—Decided April 28, 1971—
Rehearing denied June 17, 1971.

*Smith, Smith & Lawson, R. Wilson Smith, Jr.,* for appellant.

*Robert E. Andrews,* for appellees.

DEEN, Judge. ■ The fact that the notice of appeal is improperly styled is not ground for dismissal. *Franklin v. Sea Island Bank,* 120 Ga. App. 654 (1) (171 SE2d 866). Nor will the fact that the judgment appealed from is designated as having been dated October 15, 1970, be held insufficient because such judgment was entered on October 22. *Harrison v. State,* 120 Ga. App. 812 (172 SE2d 328); *Code Ann.* § 6-809 (d). The motions to dismiss are denied.

■■■ The main thrust of the appeal is that the option to repurchase in the bill of sale is void as against the rule against perpetuities because it does not limit the time within which it may be exercised. Treating the option to repurchase only as an interest in land the point is well taken. *Gearhart v. West Lumber Co.,* 212 Ga. 25 (2) (90 SE2d 10); *Smith v. Aggregate Supply Co.,* 214 Ga. 20 (1) (102 SE2d 539); *Turner v. Peacock,* 153 Ga. 870 (113 SE 585). The rule against perpetuities applies equally to real estate and personal property. 70 CJS 574, Perpetuities, § 1; In re Woods' Trust Estate, 181 Kan. 271 (311 P2d 359). But where the

promise to resell is considered as a covenant personal to Bagwell and Henson, as the language here indicates, it is limited to lives in being, and therefore is enforceable between them. Kershner v. Hurlburt (Mo.) 277 S. W. 2d 619; Roemhild v. Jones, 239 F2d 492, and see *Wadley Lumber Co. v. Lott,* 130 Ga. 135 (1) (60 SE 836). The language of the option giving the right to repurchase the buildings suggests that it is not intended to be a condition of the estate granted but rather the personal undertaking of Bagwell to hold the title to the buildings subject to the debtor's right to repurchase on payment of the debt with interest. This construction is preferable because it is in favor of the validity of the instrument and also, assuming it depends in part on evidentiary issues, is the one which would uphold the jury verdict.

■ An option to purchase property must be exercised according to the terms stated therein. When it is not otherwise specified in the document, this may be done orally, and it is no defense that the purchase money was not paid at the time the notice was given. The obligations to pay and to convey the property are such, when not otherwise stated, that they may be simultaneously executed. *Snead v. Wood,* 24 Ga. App. 210 (1) (100 SE 714). The effect of such notice is to metamorphose the option, optionor and optionee into a contract of sale, vendor and vendee. *Chatham Amusement Co. v. Perry,* 216 Ga. 445 (1) (117 SE2d 320) and cit. There is evidence in this case sufficient to authorize the jury to find that at the time the condemning authority showed an intention of taking over the property in 1965 Henson informed the then owner, Hubert Bagwell, of his intention to repurchase the buildings and offered to pay for them in accordance with the terms of the option, and that Bagwell said only that they should wait "until after Urban Renewal." Henson moved from the property, and the deed of gift was made to the appellant between that time and the time of the actual filing of the petition to condemn three years later. Accordingly, at that time Henson was in the position of a bona fide purchaser under an executory contract of sale.

■ There is no evidence that the deed to Miss Bagwell was taken at a time when she had any knowledge of Henson's prior exercise of the right to repurchase. The question, then, is one of

the respective priorities between a prior executory contract to purchase property (the legal result of Henson's exercise of the option to Bagwell at a time when Bagwell owned the property) not recorded, and a subsequent recorded deed to the property *with improvements* which, however, was purely voluntary and lacked a valuable consideration, to an innocent third party without notice. Had Bagwell's sister been a bona fide purchaser for value there is no doubt that this deed would take priority. But in a contest between a prior unrecorded instrument based on a valuable consideration and a subsequent voluntary conveyance, even in the absence of notice, the prior instrument prevails. *Langdale Co. v. Day,* 119 Ga. App. 210 (1) (166 SE2d 646). The exercise of an option to repurchase represents a sort of equitable ownership *(Barron v. Anderson,* 204 Ga. 7 (48 SE2d 846)) which may be enforced even against a third party who takes with notice or without consideration. *Crawford v. Smith,* 151 Ga. 18 (105 SE 477). "The equity under trust or contract for value is superior to that of a mere volunteer." *Code* § 37-108. As stated in *Hughes v. Cobb,* 195 Ga. 213, 235 (23 SE2d 701): "The evidence disclosed that the defendant claimed under a deed of gift. Therefore, being a donee, she stands in the shoes of her grantor." To the effect that Miss Bagwell is not entitled to that part of the condemnation money representing the value of the buildings erected by Henson and which he exercised his option to repurchase, as against a mere volunteer, see also *Fletcher v. Fletcher,* 158 Ga. 899 (6) (124 SE 524) where A sold land to B and B gave the land to C; thereafter, B having failed to pay the consideration contracted for, A was held to have a right of possession superior to that of C.

■ That part of the fund paid into court by the condemnor which represented the proportionate value of the buildings was properly awarded by the jury to Henson; Henson, of course, having a concomitant duty to pay the full purchase price to the appellant as a condition precedent to taking down the money. On this latter question the seventh enumeration of error, to the effect that the court erred in not crediting appellant with the purchase price of $750 plus interest from January 31, 1955, the date of the bill of sale from Henson to Bagwell, is well taken. By the condemnation proceeding the fund has been substituted for the property,

and this proportion of it belongs to the appellant.

*Judgment affirmed with direction that the fund representing the value of the buildings be divided as indicated in the third division of this opinion. Bell, C. J., concurs. Pannell, J., concurs in the judgment.*