## 29369. CAMP et al. v. SUN VENTURES, LTD. et al.

GUNTER, Justice.

This is an interlocutory appeal in an action brought by optionees against optionors to enforce an option for the purchase of real estate. The judgment appealed from denied in part defendants' motion to dismiss, treated as a motion for summary judgment, and granted temporary injunctive relief to the plaintiffs. The optionors have appealed, and the only question raised is whether the effort by the optionees to exercise the option was legally effective.

On November 7, 1973, the last day for exercising the option, a letter accompanied by two contracts was delivered to the attorney for the optionors. The letter stated: "Here are contracts by which Dr. Richard S. Owings is executing his option to purchase 17.14 acres of land . . ."

The 17.14 acres included three parcels of land which we will refer to as tracts A, B, and C. Both accompanying contracts were signed by the optionee, and both contracts included many provisions not included in the option itself. One contract covered tracts A and B, and the other contract covered tract C. The contract on tracts A and B was to be closed only if the optionee could secure financing. The contract on tract C was not expressly conditional but stated a purchase price which was $7,000 too low because it had been calculated under the wrong formula as provided in the option. The optionors rejected both contracts and took the position that the option had not been validly exercised prior to its expiration.

The optionees filed their action to enforce the option; the complaint was in two counts, one for specific performance and temporary injunctive relief, and the other for damages; the optionors moved to dismiss the complaint for failure to state a claim; the trial court held an evidentiary hearing on the prayer for temporary injunctive relief and also on the motion to dismiss; the trial court treated the motion to dismiss as one for summary judgment; and the trial court granted the motion of the optionors as to tracts A and B but denied the motion as to tract C. The denial of their motion as to tract

C has been appealed by the optionors.

The appellants-optionors contend here that the variance between the purchase price set in the option and the purchase price stated in the proposed contract applicable to tract C rendered the attempted exercise of the option ineffective. They argue that a document which purports to exercise an option but which states a purchase price materially different from the price stated in the option is analogous to a counter-offer and is ineffective to exercise the option.

Appellees-optionees argue that to exercise an option, it is only necessary that the optionee give notice to the optionor of the exercise of the option unless the option itself specifies some other form of election. *Chatham Amusement Co. v. Perry,* 216 Ga. 445 (117 SE2d 320) (1960); *Carr v. Rawlings,* 158 Ga. 619 (123 SE 875) (1924); *Bagwell v. Henson,* 124 Ga. App. 92 (183 SE2d 485) (1971); *Pritchett v. Dodd,* 112 Ga. App. 453 (145 SE2d 610) (1965); *Snead v. Wood,* 24 Ga. App. 210 (100 SE 714) (1919). They further argue that the fact that the notice of election may contain irrelevant matter, proposed additional provisions, or other variances from the option agreement does not make the exercise of the option ineffective as long as the notice expresses the optionee's "unconditional" intent "to purchase the property at the price and upon the terms stated in the option contract." *Chatham Amusement Co. v. Perry,* supra (Hn. 2); *Redmond v. Sinclair Refining Co.,* 204 Ga. 699 (51 SE2d 409) (1949) (optionee's notice waived a term in the option intended for the optionee's benefit); *Lawton v. Byck,* 217 Ga. 676 (124 SE2d 369) (1962) (optionee's notice questioned optionor's title to a portion of the property and exercised the option as to the property actually owned by the optionors); *Snead v. Wood,* supra (optionee's notice contained irrelevant matter). *Snead* further states (p. 216): "Where the communication advises the optionor that the optionee desires to exercise the option and is ready to pay the purchase price, the notice is sufficiently unconditional."

Under these rules the appellees argue that the cover letter of November 7 was effective to exercise the option, and that the attached agreement was simply a proposed

set of terms for closing the transaction. The fallacy in this argument is that the language contained in the letter does not express an unconditional intent "to purchase the property at the price and upon the terms stated in the option." The letter said: "Here are contracts by which Dr. Richard S. Owings is executing his option to purchase . . ." This language simply makes reference to the contract which, as to tract C, evidences an intent to exercise the option at a reduced price.

We hold that the letter and accompanying contract having reference to tract C were legally insufficient to exercise the option.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 14, 1974 — DECIDED
FEBRUARY 4, 1975.

*McCurdy, Candler & Harris, George H. Carley,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, David W. Pollard, Michael C. Murphy,* for appellees.