A06A1140. MORRIS v. MORRIS.
A06A1141. MORRIS et al. v. MORRIS.
(637 SE2d 838)

JOHNSON, Presiding Judge.

In 1966, E. E. Morris purchased approximately 548 acres of land in Randolph County.[1] On December 30, 1993, he entered into an agreement to lease all of his farm land to his son Harold Wayne Morris for five years in exchange for annual rental payments of $22,000. Eight months later, on August 19, 1994, the father and son entered into another contract giving Harold Wayne Morris a ten-year option to buy his father's land for $260,000.

Although the option contract refers to the warranty deeds which describe all 548 acres of land bought by E. E. Morris in 1966, the option contract itself does not expressly describe all 548 acres. Rather, it describes only about 312 of those acres. The other 236 acres, identified in two paragraphs of one of the 1966 warranty deeds, are not specifically described in the option contract.

In December 1995, E. E. Morris made his last will and testament, naming as beneficiaries his children Linda Morris Peck, Marion Morris and Derrell Dean Morris. He expressly excluded Harold Wayne Morris from any inheritance under the will, providing that he was doing so because both the contract to rent the farm and the option contract to buy the farm were substantially below fair market value, and Harold Wayne Morris would thereby receive his proportionate share of the estate.

E. E. Morris passed away in 1997. On January 8, 2003, in compliance with the terms of the option contract, Harold Wayne Morris notified his brother Marion Morris, who was the executor of their father's estate, that he wanted to exercise his option to buy the land and that he had the money to do so. On March 20, 2003, Marion Morris filed a declaratory judgment action, asserting that Harold Wayne Morris had notified him that he is entitled to purchase all of their father's land, including the 236 acres that are not expressly identified in the option contract. The action sought a determination by the court as to which property the estate must convey to Harold Wayne Morris under the option contract. On April 15, 2003, Harold Wayne Morris filed an answer, counterclaim and cross-claim, asserting, among other things, that he is indeed entitled to purchase all of the land under the option contract.

---

[1] We note that the appellant's brief states that E. E. Morris owned 565 acres. But the record citation given in support of this statement is to two warranty deeds which describe a total of 547.75 acres.

A bench trial was held in Randolph County Superior Court on November 8, 2004. Harold Wayne Morris testified that he and his father had discussed the option contract and their agreement was for it to cover all of the land, just as he was working all of the land under the lease agreement. Marion Morris testified that in August 1994, his father had discussed the lease and option contracts with him, and he had no question at that time that his father had given his brother the option to buy all of the land. He testified that during the discussion his father made no distinction between all of the land that Harold Wayne Morris was working under the lease and the land that was in the option contract, and that his father never mentioned giving an option on only part of the land. He further testified that during his lifetime, his father never gave any indication that his brother did not have the option to buy all of the land.

The trial court also heard testimony from Elizabeth McDonald, who for 30 years had been the secretary to the lawyer who prepared the option contract. She testified that, per the usual office routine, she had typed the contract from notes made by the lawyer during his consultation with the client and from the lawyer's dictation of the contract terms, and that she had used the applicable warranty deeds to insert legal descriptions of the property into the contract. Based on her review of the office records, she further testified that she had no doubt that, while typing the contract, she had inadvertently left the property in question — the 236 acres described in two paragraphs of one of E. E. Morris' 1966 warranty deeds — out of the option contract.

Immediately after trial, Harold Wayne Morris filed an amendment to his pleadings to request that the option contract be reformed to include the missing land. Executor Marion Morris moved to strike that amended pleading. But in its final order, the trial court denied the motion to strike, finding that the issue of reformation of the option contract had been tried by the parties and that it was proper to amend the pleadings to conform to the evidence.

The court went on to find that this is a case of mutual mistake in that the option contract was intended to cover all of E. E. Morris' land, but that it did not due to the secretary's inadvertent omission of some of the land from the contract. Nevertheless, the trial court refused to reform the contract, ruling that despite the mistake made in preparing the contract, Harold Wayne Morris had waited too long to attempt to correct the mistake.

Harold Wayne Morris appeals in Case No. A06A1140, contesting the trial court's refusal to reform the contract. Marion Morris, Linda Morris Peck and Derrell Dean Morris (hereinafter, "the estate") cross-appeal in Case No. A06A1141, challenging evidentiary rulings by the trial court and rulings on the issue of reformation. In Case No. A06A1141, we find no reversible error. But because the trial court

erred in finding that it was too late for Harold Wayne Morris to seek reformation of the contract, we reverse the judgment in Case No. A06A1140.

### Case No. A06A1140

1. Harold Wayne Morris contends that the trial court erred in refusing to reform the option contract on the ground that he had allowed too much time to elapse before seeking reformation. Although we find both the reasoning of the trial court's decision, as well as an alternative statute of limitation argument made by the estate to be persuasive, we are compelled to agree with Harold Wayne Morris' contention that the trial court erred because of a Supreme Court of Georgia precedent.

In refusing to reform the option contract, the trial court cited the legal principle that a contract will not be reformed due to mutual mistake if the party seeking reformation was not reasonably diligent in discovering the mistake.[2] The trial court went on to note various times at which Harold Wayne Morris knew or should have known of the problem, including when he signed the contract in 1994, when it was allegedly pointed out to him in 1995, and when he first sought to buy the property in 1998. The court concluded that since he only attempted to fix the problem after his brother filed the instant declaratory judgment action in 2003, too much time had elapsed to allow correction of the mistake through reformation.

As an alternative to the trial court's rationale, the estate argues that Harold Wayne Morris' reformation claim is also barred by the applicable statute of limitation. An action to reform a written contract can be brought at any time within seven years from the time the cause of action accrues.[3] "As a general rule, the statute of limitation does not commence to run against an equitable action for reformation of a written instrument based on mutual mistake or fraud until the mistake or fraud has been, or by the exercise of reasonable diligence should have been, discovered."[4] Given that Harold Wayne Morris knew or should have known of the mistake in the contract since 1994 or 1995, and given that he did not assert any claim for reformation until after his brother filed the instant action in 2003, the estate contends that the reformation claim is clearly beyond and barred by the seven-year statute of limitation.

---

[2] *First Nat. Bank of Polk County v. Carr*, 260 Ga. App. 439, 441 (2) (579 SE2d 863) (2003).

[3] *Evans v. Lipscomb*, 266 Ga. 767, 769 (1) (470 SE2d 641) (1996).

[4] (Citations omitted.) Id. at 770 (2).

As noted above, we find both the statute of limitation argument and the rationale given by the trial court to be persuasive. Nonetheless, as an intermediate court of review, we are bound by the holdings of the Supreme Court of Georgia. And in the case of *Redmond v. Sinclair Refining Co.*,[5] which is materially similar to the instant case, the Supreme Court held that an action for reformation of a ten-year option contract was not untimely even though it was brought some ten years after the contract had been executed because the option itself had been exercised within the ten-year contract period.

In that case, Sinclair Refining Company entered into a contract to lease property from L. E. Redmond for ten years.[6] The contract also gave Sinclair an option to buy the property at any time during the ten-year lease.[7] Just a few months before the expiration of the contract, Sinclair sought to exercise its option to buy the property.[8] It also filed a petition to reform the contract, alleging that the property described in the contract was not in fact the property which the parties had orally agreed upon as the subject of the lease and option.[9] Redmond challenged the petition for reformation on the grounds that it was barred by the statute of limitation and by laches in that it was filed more than ten years from the date of the contract.[10]

The Supreme Court rejected those arguments, quoting a prior case, which had held, "It is the exercise of the option, not the reformation of the contract, which must take place within the time limited, if the contract fixes a limit."[11] The Court went on to find that Sinclair had exercised its option to buy prior to the expiration of the ten-year contract.[12] And since the option rights had not expired, the Court concluded that the action for reformation of the contract also was not too late.[13]

In the instant case, the option contract gave Harold Wayne Morris ten years from the date of the contract to exercise his option to buy the property. The contract was entered into on August 19, 1994, so the ten-year option did not expire until August 18, 2004. In January 2003, Harold Wayne Morris notified the executor of the estate via certified mail of his intent to buy the land, thereby

---

[5] 204 Ga. 699 (51 SE2d 409) (1949).
[6] Id. at 700.
[7] Id. at 701.
[8] Id. at 702-703.
[9] Id. at 703-704.
[10] Id. at 708 (10).
[11] Id. at 709 (10).
[12] Id.
[13] Id.

exercising his option within the ten-year period. Moreover, he arguably sought to reform the contract within the ten-year period when, in April 2003, he filed his answer, counterclaim and cross-claim, asking the trial court to find that the option contract included all of his father's land, and when the court later allowed those pleadings to be amended to expressly seek reformation of the contract.

Under the authority of *Redmond*, we are constrained to conclude that because Harold Wayne Morris timely exercised his option to purchase the land within the contract's ten-year period, his request for reformation of the option contract was likewise timely. The trial court's finding to the contrary was error and must be reversed.

2. Because of our holding in Division 1, we need not address Harold Wayne Morris' remaining enumerations of error.

## Case No. A06A1141

3. The estate argues that the trial court erred in denying Marion Morris' motion to strike Harold Wayne Morris' amendment to his pleadings, which sought reformation of the option contract due to mutual mistake. The argument is without merit.

OCGA § 9-11-15 (b) provides that pleadings may be amended to conform to the evidence, even if the evidence is objected to at trial.

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of the evidence would prejudice him in maintaining his action or defense upon the merits.[14]

In the instant case, it is undisputed that the ultimate issue for trial was whether the option contract covers all, or only some, of E. E. Morris' land. At trial, considerable evidence was introduced on that

---

[14] OCGA § 9-11-15 (b).

issue, including evidence showing that E. E. Morris had intended to give his son the option to buy all of his farm land, and evidence showing that some 236 acres of land had been inadvertently left out of the option contract. Even though the estate objected to such evidence, the trial court nevertheless had the authority to allow the pleadings to be amended in order to subserve the presentation of the merits of the action, so long as the estate was not prejudiced.

"Prejudice" under OCGA § 9-11-15 (b) means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.[15] The estate has made no showing that it suffered undue difficulty in prosecuting its lawsuit as a result of any change in tactics or theory by Harold Wayne Morris. On the contrary, the estate knew from the outset of the case that the ultimate issue was whether or not the 236 acres omitted from the option contract were nevertheless included in the option. Indeed, that very issue, prompted by Harold Wayne Morris' claim that he is entitled to all of the property, is why Marion Morris brought this declaratory judgment action in the first place.

"Not only is the right of amendment very broad, but so is the court's discretion in this regard, and its determination will not be disturbed absent abuse."[16] The trial court in the present case did not abuse its broad discretion in allowing the pleadings to be amended to conform to the evidence of contract reformation due to mutual mistake. Because the court did not abuse its discretion, its decision will not be disturbed.

4. The estate contends that the trial court erred in finding that there was a mutual mistake in the preparation of the option contract. We disagree.

"A mutual mistake in an action for reformation means one in which both parties agree to the terms of the contract, but by mistake of the scrivener the true terms of the agreement are not set forth."[17] In the current case, there is clear evidence that E. E. Morris intended to give Harold Wayne Morris the option to buy all of his land, including not only Harold Wayne Morris' testimony to that effect, but also Marion Morris' own testimony that after discussing the contract with his father, he had no question that his brother had the option to purchase all of the land. Moreover, the legal secretary who typed the option contract testified without equivocation that she had inadvertently left the land in question out of the contract.

---

[15] *Lunsford Co. v. Klingenberg*, 138 Ga. App. 791, 793 (4) (227 SE2d 507) (1976).

[16] (Citation and punctuation omitted.) *Kim v. McCullom*, 222 Ga. App. 439, 440 (2) (474 SE2d 654) (1996).

[17] (Citation omitted.) *Cox v. U. S. Markets*, 278 Ga. App. 287, 289 (2) (628 SE2d 701) (2006).

Because the evidence shows that the true terms of the agreement were not set forth in the option contract due to an inadvertent omission by the secretary, the trial court did not err in finding that there was a mutual mistake in the preparation of the contract.[18]

5. The estate contends that the trial court erred in allowing Harold Wayne Morris and Elizabeth McDonald to testify that the option contract was meant to include all of E. E. Morris' property. The contention is without merit.

"Parol evidence is admissible to prove a mistake in a deed or any other contract required by law to be in writing."[19] If the mistake alleged is in the contract's description and the description is unambiguous, extrinsic evidence may be resorted to for the purpose of reforming the contract so as to make it express the real intention of the parties and correct a mutual mistake of fact.[20] In the case at bar, since Harold Wayne Morris sought reformation of the option contract on the basis of mutual mistake of fact due to a scrivener's error mistakenly describing the property to be sold, parol evidence of the real terms of the agreement was admissible.[21]

6. The estate claims that the trial court erred in admitting the lawyer's handwritten notes indicating that the option contract was to include all of E. E. Morris' land because such notes are hearsay and are not admissible under the business records hearsay exception.[22] Even if we assume that the notes are inadmissible hearsay, the estate has not shown reversible error.

"(D)uring a nonjury trial, it is presumed that the court is able to sift the wheat from the chaff and select only the legal evidence. We will reverse the trial court only where there is no legal evidence to support the trial court's ruling."[23] Because there is legal evidence other than the lawyer's notes to support the trial court's ruling that there was a mutual mistake of fact due to the secretary's inadvertent omission of some of the land from the option contract, we will not reverse that ruling.[24]

*Judgment reversed in Case No. A06A1140. Judgment affirmed in Case No. A06A1141. Miller and Ellington, JJ., concur.*

---

[18] See *Curry v. Curry*, 267 Ga. 66, 67-68 (1) (473 SE2d 760) (1996).

[19] OCGA § 24-6-7.

[20] *Amin v. Guruom, Inc.*, 280 Ga. 873, 874 (635 SE2d 105) (2006).

[21] Id.

[22] OCGA § 24-3-14.

[23] (Citation and punctuation omitted.) *Ace Technologies v. PMCS, Inc.*, 274 Ga. App. 785, 787 (618 SE2d 720) (2005).

[24] See *Jafari v. Simpson Organization*, 214 Ga. App. 589, 592 (2) (448 SE2d 493) (1994).

DECIDED OCTOBER 30, 2006.

*Bowles & Bowles, Jesse G. Bowles III*, for Harold W. Morris.
*Collier & Gamble, Wilbur T. Gamble III, Perry & Walters, Robert K. Raulerson*, for Marion Morris et al.