BATES *et al. v.* BURDEN.

Under the evidence, and in view of the former decision by this court in the same case, it was not error to direct the verdict. (HILL, J., dissents.)

No. 2049. MARCH 5, 1921.

Ejectment. Before Judge Hodges. Elbert superior court. April 26, 1920.

*George C. Grogan,* for plaintiffs in error. *W. D. Tutt,* contra.

ATKINSON, J. When this case was before the Supreme Court on a former occasion the judgment refusing a new trial was reversed on account of error in rejecting an amendment to the answer. The decision rendered by this court was in the following language: "Appraisers to set apart a year's support for a widow and minor children made a return setting apart, among other things, 358 acres of insufficiently described land, and declaring that the widow should pay off specified debts of the deceased. She took possession of the property and paid off the debts. Subsequently the point was made by some of the children, after attaining majority, that the judgment setting apart the land as year's support was void on account of the failure to sufficiently describe the same. After obtaining legal advice an agreement was entered into between the widow and all of the children, only two of whom were minors at the time (the widow having been appointed guardian for the minors), that proceedings be had in the court of ordinary for the purpose of amending the judgment by adding an adequate description of the land. Accordingly proceedings were instituted, and an order was passed by the ordinary purporting to amend the judgment in accordance with the terms of the agreement. The agreement fixed a definite sum of money to be paid by the widow to each of the children, it being acknowledged that the widow was entitled to receive credit for the amount she had paid in settling the debts of the estate. For the purpose of obtaining the money to make the settlement with the children portions of the land were sold by the widow. On attaining his majority one of the minor children, the defendant in error, received property to the value of $150 under said settlement, and afterwards filed suit in ejectment against the purchasers of a portion of the land for a one-seventh undivided interest. The equitable amendment to the answer alleges that the sums of money agreed upon were accordingly paid to all of the children, the widow, as

guardian for the minors, receiving the sums due them. The defendants, in addition to the general denial, offered an amendment setting out all of the facts above stated. The court rejected the amendment, on the ground that the original judgment setting aside a year's support was void and could not be amended. After introduction of evidence by the plaintiff the court directed a verdict in his favor. The defendants filed pendente-lite exceptions to the rejection of the amendment offered by them, and in the bill of exceptions assigned error thereon. They also moved for a new trial, and excepted as to the judgment overruling the motion. *Held,* that it was erroneous to reject the amendment. The rights of the parties rest upon the agreement between the widow and all of the children, and not upon the judgment. The parties owning the entire interest agreed that the mother should have all of the property upon payment of the debts and of a fixed sum to each child. This agreement was not attacked for fraud, and is binding upon all of the adult parties, and upon the defendant in error because of his ratification after attaining his majority. In this connection see *Winn* v. *Lunsford,* 130 *Ga.* 436, 442 (61 S. E. 9). The rejection of the amendment deprived the defendants of a defense, the evidence of which they were entitled to submit to a jury. The court erred in overruling the motion for a new trial." *Bates* v. *Burden,* 148 *Ga.* 157 (96 S. E. 178). After the remittitur was made the judgment of the trial court, the defendants were allowed to amend their plea in accordance with the decision of the Supreme Court, and they introduced evidence in support of the plea as amended. The only evidence tending to show payment to the plaintiff for his part under the decision was payment to his mother as his guardian. There was no evidence that he received any part of the estate after his attainment of majority, or that he did any other act tending to ratify the act of his mother. There was no evidence that the widow elected to take a share of her deceased husband's estate as an heir at law. The decision by this court above set forth is the law of the case; and the judge did not err in directing the verdict for the plaintiff for an undivided one-seventh interest in the land.

*Judgment affirmed. All the Justices concur, except Hill, J., dissenting.*