LIVELY *v.* LIVELY *et al.*

No. 16902.  February 17, 1950.  Rehearing denied March 15, 1950.

608

*Carl T. Hudgins* and *Stephens Mitchell*, for plaintiff in error.
*Augustine Sams*, contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) Headnotes 1, 2, 3, 5, 6, and 7 require no further elaboration. However, a further discussion of headnote 4 will be made here for clarification, in view of the admission of the county surveyor that he did not himself measure the north and east lines, but obtained the distances accredited to such lines from a survey made by someone else. Neither his oral testimony nor the plat of the survey made by him, based upon such data, was competent evidence to prove the number of acres in the tract of land referred to. His testimony and plat, in this respect, were not admissible as the opinion of an expert under Code § 38-1710. Surveying is in no sense a question of opinion and, regardless of the skill of a surveyor, he accomplishes his work by the use of instruments whereby exact courses and distances are fixed, and from these, precise mathematical calculations are made. To substitute opinion for facts at any point, nullifies the entire process. Nor could this surveyor as a nonexpert witness testify as to his opinion as to the distances of the boundary lines, after giving as a factual basis therefor distances that he had seen on a plat made by someone else. The decision in *Clifton* v. *State*, 187 *Ga.* 502 (2 S. E. 2d, 102), cited by counsel for the defendants in error, is no authority for admitting such opinion evidence of a nonexpert which has no relevant factual basis.

However, both the plat and oral testimony of the surveyor

are definite in fixing the boundaries of the land here involved, and they were admissible for the purpose of establishing these facts. Therefore the objection to the plat as a whole, and to the testimony relating to the plat as a whole was properly overruled, since these portions were admissible. However, assuming but not conceding that they were inadmissible, the plaintiff in error is in no position to complain. The only possible way that either might injure the plaintiff in error, who was the seller at a fixed price per acre, is if the number of acres thereby shown would be less than the number for which he is entitled to receive pay. On this point, this evidence fixes the number of acres in the tract at 221.8 acres, while the plaintiff in error testified that it contains about 176 or 186 acres, his exact testimony being, "There was about 176 or 186 acres." He further stated, "If a survey reveals that there is over 200 acres there, then by reason of that survey I am getting the benefit of that extra consideration." Thus is it demonstrated by the record that this plaintiff in error is not injured, but is very definitely benefited by the evidence of which he complains. His complaint, therefore, is not well founded, and shows no ground for a new trial. *Reeves* v. *Lancaster*, 159 *Ga.* 540 (126 S. E. 480).

For reasons stated in headnote 3, direction is given that interest at 7 percent per annum on the purchase-money from January 15, 1945, be added to the principal found by the jury.

*Judgment affirmed with direction. All the Justices concur.*