## YANCEY *v.* O'KELLEY.

CANDLER, Justice. This court has twice before reviewed litigation involving the estate of James Robert Yancey, who died in Gwinnett County, Georgia, on February 26, 1920, leaving a nuncupative will, which was afterwards probated in solemn form. See, in this connection, *Yancey* v. *Montgomery,* 173 *Ga.* 178 (159 S. E. 571), and *Biggers* v. *Gladin,* 204 *Ga.* 481 (50 S. E. 2d, 585). As to the case presently before us, the record shows that James Robert Yancey, by the terms of his will, gave his wife, Mrs. Mary Yancey, a life estate in all of his land, and, subject thereto, bequeathed it in remainder by separate and distinct parcels to all of his children, except two. His executors (his two oldest sons to whom he gave no land), soon after probating his will, assented to the devise and surrendered actual possession of his land to Mrs. Yancey, the life tenant. By the fourth item of his will, the testator gave his son, Cephas Yancey, then about fourteen years of age, a remainder interest in a described portion of his estate, namely a tract of 50 acres in Gwinnett County. Mrs. Mary Yancey died August 2, 1946, and Cephas Yancey, on February 19, 1949, brought ejectment against Hoke O'Kelley for the land bequeathed to him and for mesne profits, alleging that he acquired title to it under his father's will and that the defendant was wrongfully in possession of it. A general demurrer interposed to the petition by the defendant was overruled, and there is no exception to that judgment. The defendant, answering the petition, denied that the plaintiff had any interest in or title to the land sued for, and averred that he was the owner of it under an unbroken chain of title beginning with a deed, dated November 24, 1924, from the executors of James Robert Yancey's estate to J. C. Yancey; alleging that it was legally sold by them to J. C. Yancey at a public sale and for the necessary purpose of paying the decedent's debts. Concerning the executors' sale, the record also shows that it was ascertained in 1924 by the executors and by the devisees that the testator's estate was insolvent, and the devisees were advised by their counsel that the testator's creditors had a right to subject his land, even after assent, to the payment of their respective claims. The devisees, including the plaintiff in this case who was then about twenty years of age, consented and agreed for the executors to disregard their prior assent and apply to the court of ordinary for leave to sell the devised land for the purpose of paying the decedent's debts. By mutual consent of all of the heirs at law of the deceased, the executors, by petition and proper notice, obtained authority to sell said land by a judgment rendered at the March term, 1924, of the Gwinnett County Court of Ordinary, to which there was no exception; and the executors,

pursuant thereto, advertised the testator's land for sale at public auction on the first Tuesday in November, 1924. The devisees formulated a plan and scheme for keeping and holding the land and mutually agreed with each other that J. C. Yancey, one of the devisees, would bid in the land at the executors' sale; that none of the others would bid against him; that he would then convey it to the Federal Land Bank as security for a loan of $6000, and turn over the proceeds thereof to the executors for the purpose of paying the decedent's debts; that the life tenant would be permitted to remain in possession of the land; that he (J. C. Yancey) would hold legal title to the land, subject to the Federal Land Bank's security deed, in trust for the several devisees; that he would give each devisee a bond for title for his or her respective tract; and that the several devisees would jointly repay the Federal Land Bank's loan as the instalments matured. Pursuant to the aforesaid agreement and in compliance with it, J. C. Yancey bid off the testator's land for $4825, took a deed thereto from the executors without paying at that time any part of the purchase price, and conveyed it to the Federal Land Bank as security for a loan of $6000, which amount he delivered to the executors, and they in turn used it for the purpose of paying the decedent's debts, which were compromised and settled on the payment of approximately sixty percent of the amount actually due. After that Mrs. Mary Yancey was permitted to remain in possession of the land, but J. C. Yancey did not, as he had agreed to do, give the several devisees a bond for title for his or her respective tract, but on March 21, 1927, conveyed all of the land, subject to the Federal Land Bank's security deed, to G. C. Montgomery and R. H. Young for a recited consideration of $10,000, the land at that time being worth $15,000. The plaintiff in this case, together with his mother and others, brought an equitable suit in the Superior Court of Gwinnett County on May 15, 1928, against J. C. Yancey, G. C. Montgomery, and R. H. Young to cancel the deed which the defendant Yancey had made to the defendants Montgomery and Young, and for other relief, alleging that the defendants Montgomery and Young, at the time of their purchase, had notice and knowledge of the aforesaid agreement, and that a sale of the land by J. C. Yancey was wrongful and fraudulent. On a trial of that case a verdict was rendered in favor of the defendants, and on a review of the trial by this court a new trial was ordered, but the case was later dismissed, for want of prosecution, after the Federal Land Bank sold at public auction and purchased the land conveyed to it by J. C. Yancey. The defendant's answer further avers that the plaintiff in the case at bar is estopped to question and dispute his title to the land sued for because: (1) he had reached manhood and was "20 or 21 years of age" when he, together with other devisees, consented and agreed for the executors of his father's estate to sell the decedent's land for the purpose of paying his debts, after the executors had given their assent to the devise; (2) if the plaintiff was still a minor at the time of said consent and agreement in 1924, he had, nevertheless, reached an age of accountability for his acts and conduct, and it would, therefore, be unconscionable for him to recover the land sued for from the defendant,

an innocent purchaser for value; and (3) after reaching full age, and with knowledge of all pertinent facts, he ratified and confirmed the agreement under which the executors of his father's estate, after assent by them, sold his remainder interest in the land sued for, when he, together with his mother and other devisees, relying upon the binding effect of the agreement of 1924, and for the purpose of protecting property rights created thereby, brought an equitable suit in the Superior Court of Gwinnett County against J. C. Yancey, G. C. Montgomery, and R. H. Young to cancel the deed which the defendant Yancey had made to the defendants Montgomery and Young, and for other substantial relief. The case terminated in a verdict for the defendant, and a motion for a new trial, as later amended, was overruled. The plaintiff excepted and sued out a writ of error to this court. Counsel for the plaintiff in error contend and argue in their brief that the executors' sale passed no title to the land publicly sold by them to J. C. Yancey, since they had, prior to their sale, divested their testator's estate of title to the land by assenting to a devise of it; and that the plaintiff is not estopped for any reason alleged to question and dispute the defendant's title to the land sued for. *Held*:

1. It was settled by this court in *Biggers* v. *Gladin*, supra, that an executor, by assent, perfects the inchoate title of a devisee; that the title of an estate to devised land is completely divested by assent; that an executor, after giving his assent to a devise, has no right to revoke it; that a court of ordinary has neither power nor jurisdiction to grant an order for the sale of devised land, after assent; and that an order for the sale of devised land, after assent thereto, is void and may be attacked anywhere and at any time. But, in the instant case, the jury was fully authorized to find from the evidence adduced upon the trial that the plaintiff, while a minor about 20 years of age, together with his mother and other adult devisees, consented and agreed for the executors of his father's estate to sell the land presently involved, with other devised lands of the estate, as property of the testator's estate and for the purpose of paying his debts, notwithstanding their prior assent to a devise of it; and that the plaintiff and other adult devisees mutually agreed that J. C. Yancey, a devisee, would purchase the lands at the executors' sale of them for their joint use and benefit.

2. It is also well-settled law in this State that a contract made by one during his minority may be ratified and confirmed by him after reaching majority, either expressly or impliedly by conduct. Code, § 20-201; *Bates* v. *Burden*, 148 *Ga.* 157 (96 S. E. 178); *McGarrity* v. *Cook*, 154 *Ga.* 311 (2) (114 S. E. 213). In the instant case, the record shows, without any dispute, that the defendant's predecessor in title, J. C. Yancey, purchased the land in question from the executors of James Robert Yancey's estate pursuant to and in consequence of a contract to which the plaintiff, as a minor about 20 years of age, was a party; and that the plaintiff, after attaining full age, with knowledge of all pertinent facts, and relying upon the validity and binding effect of the contract, instituted and prosecuted litigation in the courts of this State against J. C. Yancey and others for the asserted purpose of establishing and protecting valuable property rights allegedly created and vested in him by the terms of the contract so declared upon. By such action,

the plaintiff unquestionably ratified and confirmed the contract under which J. C. Yancey acquired title to the land sued for; and, in these circumstances, the plaintiff estopped himself from questioning and disputing the title of the purchaser Yancey as well as that of his privies in title, among whom is the defendant. See, in this connection, 31 C.J.S. 228 § 50; *Harris* v. *Amoskeag Lumber Co.*, 101 *Ga.* 641 (29 S. E. 302); *Deraney* v. *Mays,* 205 *Ga.* 142 (52 S. E. 2d, 711), and the several cases there cited.

3. There is no merit in any of the special grounds of the amendment to the motion for a new trial; and this is true because: (1) a refusal by the trial judge to direct a verdict is never reversible error (*Central of Georgia Ry. Co.* v. *Mote,* 131 *Ga.* 166, 62 S. E. 164); (2) the evidence objected to by the plaintiff, as being irrelevant, immaterial, and not illustrative of any issue involved, supported the defendant's special plea of estoppel and was clearly admissible; and (3) the court's charge as given upon estoppel and upon the legal effect of ratification and confirmation of contracts after attaining majority, as made by one during his minority, was abstractly correct and adjusted both to the pleadings and to the evidence.

4. The verdict is amply supported by evidence, and no error of law appears.

*Judgment affirmed. All the Justices concur.*

No. 17663. Submitted November 13, 1951—Decided January 15, 1952.

*Marvin A. Allison* and *Erwin Sibley,* for plaintiff.
*R. F. Duncan,* for defendant.