# 19176. R. C. CROPPER COMPANY *v.* MIDDLE GEORGIA BROADCASTING COMPANY.

ARGUED JANUARY 9, 1956—DECIDED FEBRUARY 14, 1956—
REHEARING DENIED FEBRUARY 29, 1956.

*Lane & Sell,* for plaintiff in error.

*Harris, Russell, Weaver & Watkins, John B. Harris, Jr.,* contra.

WYATT, Presiding Justice. The contract for the sale of the real estate in question called for the sale of 4.2 acres of land. It was alleged that the defendant did not have title to .62 of an acre of the described land. The petition sought specific performance of the contract as to the land described with the exception of the .62 of an acre, and to recover such damages as the court might find reasonable by way of abatement of the purchase price on account of the inability of the defendant to comply with his contract and convey title to the .62 of an acre. The defendant in the court below contended that the petition failed to set out a cause of action by reason of the following provisions of the contract to sell: "It is agreed that such papers that may be legally necessary to carry out the terms of this contract shall be executed and delivered by the parties at interest as soon as the validity of the title to said property has been established.

"Trade to be closed immediately after purchaser has reasonable time to examine title to the property.

"The consideration that the purchaser agrees to pay and the seller agrees to accept is 13,000 thirteen thousand dollars, payable as follows: Five hundred $500 dollars on the signing of this contract, the receipt of which is hereby acknowledged; twelve thousand five hundred $12,500 dollars on delivery of deed as hereinafter provided, viz: That the seller make good and sufficient warranty title to all of said described land, the deed to be in proper short statutory form of record and shall contain the usual covenants and warranties.

"It is expressly understood and agreed between the parties hereto that this contract as signed by them constitutes the sole and entire agreement by them, and no modification of this contract shall be binding upon either party, unless in writing, signed by them, and attached hereto; and no representation, statement or inducement except as herein noted, shall be binding upon either party or agent."

It is contended that these provisions of the contract prevented it from being certain and capable of performance. The argument is that the condition in the contract with reference to title and the fact that the seller could not convey all of the property made the contract uncertain and impossible of performance, and therefore the contract was not sufficient as the basis for a decree of specific performance.

The general rule, that a contract for the sale of real estate to be enforceable by a decree of specific performance must be in writing, signed by both parties, certain and fair, for an adequate consideration, and capable of being performed is so well established by the decisions of this court that a citation of authority is unnecessary. In the instant case, however, we are confronted with the exception to this general rule, which is provided in Code § 37-806 and reads as follows: "The vendor seeking specific performance shall show an ability to comply substantially with his contract in every part and as to all the property; but a want of title or other inability as to part shall not be a good answer to the vendee seeking performance, who is willing to accept title to the part, receiving compensation for the other. If the defects in the vendor's title shall be trifling, or comparatively small, equity shall decree at his instance, granting compensation for such defects."

It appears from the petition that the contract for the sale of the land in question is perfectly valid and capable of performance, except that the defendant does not have title to .62 of an acre, and for that reason can not convey title to this portion of the real estate described in the contract. The petition alleges a willingness to accept title to the property which the defendant can convey and to receive compensation for the other part.

The court in *Phinizy* v. *Guernsey*, 111 *Ga.* 346 (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. R. 207) said: "The vendor has no right to force upon the vendee something which he has not agreed to buy. The rule is different, however, when the application for specific performance comes from the vendee. There is a manifest reason for this difference. The vendee has a right, if he sees proper to do so, to accept less than he bargained for, and compensation for the loss of that which he does not obtain." See also *Lively* v. *Lively*, 206 *Ga.* 606 (58 S. E. 2d 168); *Finney* v. *Blalock*, 206 *Ga.* 655 (58 S. E. 2d 429); *Manning* v. *Sams*, 143 *Ga.* 205 (84 S. E. 451). We consider the Code section, supra, completely controlling in this case.

We have examined the cases cited and relied upon by the defendant in error, and no case cited requires a different ruling from that above made. The cases are all entirely different on their facts, and none purports to be brought under the Code section here under consideration.

In view of what has been said above, the judgment sustaining the general demurrer and dismissing the petition was error.

*Judgment reversed. All the Justices concur.*