21018, 21019.  CHATHAM AMUSEMENT COMPANY, INC.
v. PERRY; and *vice versa.*

QUILLIAN, Justice.  The errors assigned here in the main bill and the cross-bill of exceptions grow out of an equitable proceeding, brought, on June 23, 1959, by the vendee against the vendor, seeking specific performance of a contract of sale of certain described lands in Chatham County; the impressment with an implied trust of the purchase money tendered by the vendee and accepted by the vendor; and an abatement in the purchase price for such lands as were included in the contract of sale, but to which the vendor no longer held title.  The salient allegations of the petition are: that the vendee, on June 23, 1949, leased the described premises for a period of ten years, by the terms of a written agreement containing the following option: "For and in consideration of the rents reserved to be paid and the covenants to be performed, and for the additional consideration of the sum of $1.00 in hand paid by the tenant to the landlord at and before the signing, sealing, and delivery of this contract, landlord does hereby bargain, grant, and sell to the tenant an option to purchase the aforesaid premises for the sum of   .  .  . [$27,000], said option to remain in full force and effect for a period of 10 years from the execution of this lease contract." During the life of the lease-option agreement, the vendor deeded a described portion of the lands included in the option to the State Highway Department of Georgia for highway purposes.  On June 19, 1959, the vendee notified the vendor of his desire to exercise the option in accordance with its terms, and on June 22, 1959, made a lawful tender of $27,000 cash, which the vendor accepted and deposited in its bank account.  On the same day, but subsequently to the tender and acceptance of the purchase price stipulated in the option, the vendee informed the vendor of his willingness to accept a conveyance of those described lands remaining and to negotiate an abatement in the purchase price on account of those described lands deeded to the State Highway Department; but the vendor has failed and refused to comply with its obligations under the option as it is contemplated by *Code* § 37-806 it should.  During the term of the lease-option agreement and in contemplation of purchasing the property,

the vendee expended several thousands of dollars on improvements, which became a part of the premises covered by the option. The values of the respective tracts involved are stated and are alleged to be fair. The trial court impressed the funds with a special trust pending further order of the court. As a verdict was directed by the court upon all issues save the amount of the abatement in the purchase price, the jury returned a verdict for $6,000. The trial court denied the vendor's motion to dismiss, in the nature of a general demurrer, its motions for a nonsuit, directed verdict, judgment notwithstanding the verdict, and overruled the general and seven special grounds of its motion for a new trial, but overruled two other special grounds only on condition that the vendee write off $3,000 from the verdict, which the vendee did. *Held:*

1. It is just as competent for a man to bind himself to make a contract of sale as it is for him to bind himself by a contract of sale. The obligation by which one binds himself to sell, and leaves it discretionary with the other party to buy is, in law, termed an option, which is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the described property at a fixed price within a certain time specified. *Black v. Maddox,* 104 Ga. 157, 162 (30 S. E. 723), and citations.

2. The unconditional notice by the holder of a written option to purchase land, which is supported by a valuable consideration, to the other party, that he has elected to purchase the property at the price and upon the terms stated in the option contract, converts the option contract into a contract of sale which is enforceable by the optionee against the optionor. The option, optionor, and optionee are metamorphosed into a contract of sale, vendor, and vendee. *Carr v. Rawlings,* 158 Ga. 619(4), 624-625 (123 S. E. 875); *Snead v. Wood,* 24 Ga. App. 210 (100 S. E. 714); Willard v. Tayloe, 75 U. S. 557 (19 L. Ed. 501). See also *Mattox v. West,* 194 Ga. 310 (21 S. E. 2d 428); *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (86 S. E. 2d 507); *Redmond v. Sinclair Refining Co.,* 204 Ga. 699 (51 S. E. 2d 409).

3. While it is true that specific performance is not a remedy which may be claimed as a matter of right (*Kirkland v. Downing,* 106 Ga. 530, 32 S. E. 632; *Shropshire v. Rainey,*

150 Ga. 566(2), 104 S. E. 414; *Huggins v. Meriweather,* 177 Ga. 461, 170 S. E. 483), "where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract." *Clark v. Cagle,* 141 Ga. 703 (82 S. E. 21, L. R. A. 1915A 317) ; *Whitehead v. Dillard,* 178 Ga. 714, 715 (174 S. E. 244) ; *Tolbert v. Short,* 150 Ga. 413 (104 S. E. 245) ; and this is true though it appear that the vendor is unable to convey title to all the land included in the contract. *Phinizy v. Guernsey,* 111 Ga. 346 (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. Rep. 207) ; *R. C. Cropper Co. v. Middle Ga. Broadcasting Co.,* 212 Ga. 235 (91 S. E. 2d 605) ; *Lively v. Lively,* 206 Ga. 606 (58 S. E. 2d 168).

4. Before equity will decree specific performance of a contract for the sale of land at the instance of the vendee, it must appear that the contract is one which in good conscience ought to be performed (*Ogletree v. Ingram & LeGrand Lumber Co.,* 207 Ga. 333, 61 S. E. 2d 480, and citations) ; and that the vendee has performed his part of the bargain, for example, has paid the purchase price stipulated or has made an unconditional tender of the purchase price. *Martin & Smith v. Thompson,* 141 Ga. 31 (80 S. E. 318) ; *Terry v. Keim,* 122 Ga. 43 (49 S. E. 736) ; *Morgan v. Mitchell,* 209 Ga. 348, 352 (72 S. E. 2d 310), and citations.

5. As against general demurrer, it is apparent that the instant petition contains an allegation of each of the requisites stated in the foregoing divisions of the syllabus, so as to entitle the vendee upon proof of such allegations to relief by specific performance, and the trial court did not err in denying the motion to dismiss in the nature of a general demurrer.

6. In such a case as indicated above, where it is impossible for the vendor to convey all of the lands included in the contract of sale, it being a contract which in good conscience ought to be performed, equity will decree performance and grant compensation for such land as cannot be conveyed, where the vendee has expressed a willingness to proceed according to the provisions of *Code* § 37-806. *Harris v. Underwood,* 208 Ga. 247 (66 S. E. 2d 332) ; *Lane v. Lodge,* 139 Ga. 93

(3a) (76 S. E. 874); *Loewus v. Eskridge & Downing, Inc.,* 175 Ga. 456 (165 S. E. 576); *Lively v. Lively,* 206 Ga. 606, supra.

7. Predicated, as they are, on the postulates that the vendee failed to establish by his proof an unconditional tender of the purchase money stipulated and failed to establish such other general requisites for equitable relief as to entitle him to specific performance of the contract of sale, the motions for nonsuit, directed verdict, judgment notwithstanding the verdict, and for new trial, on the general grounds, are not substantiated by an examination of the evidence and the trial court did not err in denying each such motion. The evidence demonstrates, without direct or inferrable contradiction, that the option was exercised by the vendee's notice to the vendor during the life of the option; that the vendee's attorney tendered in cash to the vendor's agent, duly authorized to accept the purchase price, the entire amount stipulated, together with an accompanying letter stating that the vendee held himself ready "to continue such tender from day to day until accepted"; that, on the date of such tender, during the life of the option, the vendor's duly authorized agent signed in behalf of the vendor the following statement: "The tender described in the aforesaid letter [accompanying tender] is herewith accepted as being legal and adequate under the circumstances"; and, at the same time such agent, on behalf of the vendor, gave a receipt for the full amount of the purchase price, and had the money deposited in the vendor's bank account; that, although such agent was authorized to do so, he at that time and all times thereafter, would agree only to convey those lands covered by the contract to which the vendor still held title in consideration for the full amount of the purchase price, and refused to make an abatement in, or negotiate an abatement of, the purchase price so as to compensate the vendee for such other lands covered by the contract as had been conveyed by the vendor to the State Highway Department while the option was still in life. The evidence showed further that the vendee had placed permanent improvements upon the land in contemplation of its purchase, that the contract is fair, definite, certain, and capable of performance, and that it would be unconscionable to refuse performance under the circumstances. The amount of the

abatement, that is to say, the value of the land which the vendor was unable to convey, though bound by his contract to do so, was within the range of the evidence.

8. Grounds of a motion for new trial in which error is assigned upon rulings on the pleadings (special ground 1), refusal to award a nonsuit (special grounds 6 and 7), refusal to direct a verdict (special ground 8), and grounds which are not complete within themselves or do not otherwise comply with the provisions of *Code Ann.* § 6-901 (special ground 5) will not be considered. *Caylor v. Wheat,* 210 Ga. 429 (3) (80 S. E. 2d 688); *Guess v. Morgan,* 196 Ga. 265 (1) (26 S. E. 2d 424); *Yancey v. O'Kelley,* 208 Ga. 600, 603 (3) (68 S. E. 2d 574); *Toler v. State,* 213 Ga. 12 (4) (96 S. E. 2d 593).

9. The admission in evidence of the letter accompanying the tender of the purchase price, to which reference is made in division 7 of this syllabus, and of which complaint is made in special ground 2, even if assumed to be a self-serving declaration, was uttered to the vendor's agent, was an integral part of the res gestae, and was therefore unobjectionable. *Rabun v. Wynn,* 209 Ga. 80, 81 (4) (70 S. E. 2d 745), and citations.

10. The admission in evidence of testimony interpretative of a written conveyance, also in evidence, is harmless where, on cross-examination of the same witness, testimony is elicited which is comparable in import to that to which objection is made. *Rabun v. Wynn,* 209 Ga. 80, 83 (7), supra.

11. A quitclaim deed conveys only such interest as the grantor may be possessed of at the time of the conveyance (*Bank of Arlington v. Sasser,* 182 Ga. 474, 185 S. E. 826; *Morrison v. Whiteside,* 116 Ga. 459, 42 S. E. 729); and for the trial court, in considering an unambiguous deed, to instruct the jury to this effect is not only its right but duty (*Heatley v. Long,* 135 Ga. 153 (2), 68 S. E. 783); and, any error which might occur in such an instruction is not reached by an exception only that the deed is the highest and best evidence of what has been conveyed.

12. Grounds of a motion for new trial which are not argued orally or in the briefs nor generally insisted upon are treated as abandoned. *Davis v. Newton,* 215 Ga. 58, 59 (1) (108 S. E. 2d 809). Special ground 10 comes within this rule.

13. Special ground 9 is but an elaboration of the general grounds, which have been determined in division 7 of this syllabus.

14. Where a verdict, which is within the range of the evidence, is found against a party to a suit, it is no proper ground of complaint in this court that the trial court may have improperly calculated the amount which it ordered written off from such verdict or a new trial would be granted, and such amount is written off.

*Judgment affirmed on main bill; cross-bill of exceptons dismissed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1960—DECIDED NOVEMBER 10, 1960.

*Findley, Shea, Friedman, Gannam, Head & Buchsbaum, George N. Pahno,* for plaintiffs in error.

*Hitch, Miller & Beckmann, John Miller,* contra.