## 28622. PLEMONS v. BELCHER et al.

NICHOLS, Justice. James R. Plemons filed an action for specific performance against Thomas and Marcella Belcher in which the plaintiff sought to compel the conveyance of real estate under a written contract. The description of the property in the contract was as follows: "All that tract or parcel of land lying · and being in land lot number 119 in the 8th land district and 5th section of Haralson County, Georgia, and being all of the land that lies north of the public road which runs east and west in the north one-half of said land lot except about 6 acres, more or less, in the north west corner of said land lot number 119, which 6 acres is owned by Robert Pope. Said tract of land herein

conveyed contains 75 acres, more or less, and is the tract described in that certain deed from J. T. Aldridge to Roger E. Spearman, dated December 1, 1950, and recorded in deed book 78, page 80, in the office of the clerk of the superior court of Haralson County, Georgia. Said above described tract of land having located thereon a 4-room frame dwelling with bath. Said 6 acres owned by R. H. Pope being described as a strip uniformly across the west side of subject property, on the west line of said land lot number 119 measuring 25 rods from the west land lot line." The defendants filed a motion for summary judgment with supporting affidavits which dealt with the value of the land covered by the contract. Also attached was an affidavit and plat prepared by a registered surveyor. A counter-affidavit as to value was filed by the plaintiff in the trial court. On the hearing of the issue thus made by the motion for summary judgment the trial court entered an order granting a summary judgment to the defendants on all issues in the case except the return of earnest money to the plaintiff. This judgment was based solely on the description in the contract being too vague and indefinite to authorize specific performance.

The plat attached as an exhibit to the defendants motion for summary judgment disclosed that more than one half of the 75 acre tract was not owned by the defendants, and that only approximately 30 acres of land lot 119 north of the road mentioned in the description was owned by the defendants. *Held:*

The contract in the present case describes a tract of land bounded by a public road, the east and north lines of land lot 119 in the 8th land district and 5th section of Haralson County, Georgia and a line measuring 25 rods from the west line of such land lot. This description is adequate to describe a specific tract of property even if extrinsic evidence need be adduced in conjunction therewith. Compare *Barnes v. Barnes,* 224 Ga. 92, 95 (160 SE2d 391), and cits.

"While it is true that specific performance is not a remedy which may be claimed as a matter of right (*Kirkland v. Downing,* 106 Ga. 530 (32 SE 632); *Shropshire v. Rainey,* 150 Ga. 566 (2) (104 SE 414); *Huggins v. Meriweather,* 177 Ga. 461 (170 SE 483)), 'where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract.' *Clark*

*v. Cagle,* 41 Ga. 703 (82 SE 21, LRA 1915A 317); *Whitehead v. Dillard,* 178 Ga. 714, 715 (174 SE 244); *Tolbert v. Short,* 150 Ga. 413 (104 SE 245); and this is true though it appears that the vendor is unable to convey title to all the land included in the contract. *Phinizy v. Guernsey,* 111 Ga. 346 (36 SE 796, 50 LRA 680, 78 ASR 207); *R. C. Cropper Co. v. Middle Ga. Broadcasting Co.,* 212 Ga. 235 (91 SE2d 605); *Lively v. Lively,* 206 Ga. 606 (58 SE2d 168)." *Chatham Amusement Co. v. Perry,* 216 Ga. 445 (3) (117 SE2d 320).

While the evidence adduced on the motion for summary judgment disclosed without contradiction that the vendors did not own all of the property described in the sales contract, it was equally undisputed they did own a part of the described property.

"In such a case as indicated above, where it is impossible for the vendor to convey all of the lands included in the contract of sale, it being a contract which in good conscience ought to be performed, equity will decree performance and grant compensation for such land as cannot be conveyed, where the vendee has expressed a willingness to proceed according to the provisions of Code § 37-806. *Harris v. Underwood,* 208 Ga. 247 (66 SE2d 332); *Lane v. Lodge,* 139 Ga. 93 (3a) (76 SE 874); *Loewus v. Eskridge & Downing, Inc.,* 175 Ga. 456 (165 SE 576); *Lively v. Lively,* 206 Ga. 606, supra." *Chatham Amusement Co. v. Perry,* 216 Ga. 445 (6), supra. Thus if the trial court's decision was based upon the fact that the land owned by the vendors was not all the land included in the contract, yet the vendors would not be entitled to a summary judgment inasmuch as the vendees may be entitled to specific performance as shown above.

*Judgment reversed. All the Justices concur.*

Submitted January 25, 1974 — Decided March 7, 1974.

*Don F. DeFoor,* for appellant.
*Scott Walters, Jr.,* for appellees.