## 29825. EMMETT v. COOPER.

INGRAM, Justice.

This appeal is from a jury verdict and judgment rendered in the Superior Court of Gwinnett County in favor of the plaintiff-buyer against the defendant-seller for specific performance of a written contract for the sale of improved realty. The trial court overruled the seller's amended motion for a new trial and the seller's appeal raises three general issues for decision by this court.

The seller first contends the evidence is insufficient to show the purchase price of the property was fair and that it is also insufficient to show the seller was mentally capable of executing the contract of sale. In addition, the seller contends that the evidence fails to show the buyer made a "valid and legal tender of the purchase price." The transcript shows that the trial court submitted each of these issues to the jury for determination and gave the jury clear and full instructions for their use in resolving the issues under the evidence presented during the trial of the case. Neither party made any exception to the trial court's jury instructions and the jury resolved each of these issues adversely to the seller. The verdict has the approval of the trial court and we find no error as the evidence authorizes the jury's verdict. See *Chance v. Beall,* 20 Ga. 142 (1856); *Whitehead v. Dillard,* 178 Ga. 714 (2) (174 SE 244) (1934); and *Plemons v. Belcher,* 231 Ga. 814, 815 (204 SE2d 120) (1974).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1975 — DECIDED MAY 20, 1975 — REHEARING DENIED JUNE 17, 1975.

*Glyndon C. Pruitt,* for appellant.
*H. Rhodes Jordan,* for appellee.

ON MOTION FOR REHEARING.

INGRAM, Justice.

Appellant's motion for rehearing has been carefully considered and is denied on each ground. One principal point argued in the motion is that the jury ignored the evidence offered in support of appellant's contention that she was incompetent to execute this contract of sale. Appellant, herself, testified at the trial and the jury had an opportunity to evaluate her appearance and testimony on this issue. Appellant assumed the burden of proving this defense. See, generally, 81 CJS 712, Specific Performance, § 140. The jury was not bound to accept the opinion evidence of incompetency submitted in appellant's behalf. *Cates v. Harris,* 217 Ga. 801 (125 SE2d 649) (1962). The jury concluded that appellant was competent to contract by its verdict for the appellee-plaintiff and we find no legal basis for setting it aside in this appeal. See, *Hunt v. Formby's Guardian,* 43 Ga. 79 (1871).

*Rehearing denied. All the Justices concur.*