## 56236. COLLINS v. COLLINS.

SHULMAN, Judge.

Appellant is the mother of an illegitimate child, Michael R. Collins, in whose name the original suit in this case was filed. Since Michael's birth, he and his mother have lived with appellant's mother, Dorothy Sanders. Mrs. Sanders applied for public assistance benefits for Michael under the Aid to Families with Dependent Children program. Benefits were granted and payments of $45 per month were made until a total of $225 had been disbursed for Michael's support.

A suit under Code Ann. Ch. 99-9B, the Child Support Recovery Act, was filed against appellant by the Department of Human Resources to recover the amount of the payments made for Michael's welfare. Service was had on appellant by having her execute an acknowledgment of service. The printed form by which appellant acknowledged service also contained a provision by which appellant consented to the judgment sought against her. Based on appellant's execution of the consent form, a judgment was entered against her requiring periodic payments until the total amount sought was paid. At the time suit was brought and appellant signed the acknowledgment/consent form, appellant was 17 years old. It is stipulated that no service was made on a parent or guardian of appellant.

Appellant subsequently failed to make the payments required by the consent judgment against her. The District Attorney of Cobb County then proceeded against appellant seeking a citation for contempt. Appellant made several payments which she alleges were made to avoid being held in contempt, and then filed a motion to set aside the judgment. This appeal is from the denial of the motion to set aside the judgment. We find the judgment to have been fatally defective and reverse the denial of appellant's motion.

1. "Code Ann. § 81A-104 (d) (3) provides that if a suit is against a minor, service shall be made upon '. . . such minor, personally, *and* also to his father or his mother or his guardian or his duly-appointed guardian ad litem. . .' (Emphasis supplied.) The Supreme Court 'has strictly

construed the provisions of this Code section, and rightfully so, since notice is the very bedrock of due process.' [Cit.] Strict compliance with this statutory requisite is therefore essential in order for service of process to be properly perfected upon an infant. Accordingly, in order to perfect service upon a minor in this state, both the minor *and* his father or mother or guardian or guardian ad litem must be served." *Lanier v. Foster,* 133 Ga. App. 149, 152 (210 SE2d 326).

"Section 4 of the Civil Practice Act as amended (Code Ann. § 81A-104) provides explicit rules for service of process. In the absence of service in conformity with such rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void." *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625, 626 (193 SE2d 852).

Since the service in this case was made on appellant alone, it was fatally defective. Therefore, as explained in *DeJarnette Supply Co.,* supra, the judgment against appellant is absolutely void unless there occurred some waiver of the defective service.

2. Appellee claims there was such a waiver as would save the consent judgment against appellant. We find appellee's arguments on that issue unconvincing.

A. We reject the notion that a minor can waive the multiple service requirements of Code Ann. § 81A-104 (d) (3). Counsel has cited and we have found no cases reported in Georgia on this issue, but we hold that to permit such a waiver would be utterly inconsistent with the obvious intent of the statute to protect minors.

B. Appellee also argues that the consent judgment was a contract which was ratified by appellant's voluntary payments on the judgment made after reaching her majority. This argument is based on two premises: first, that a consent judgment, though not valid for some reason as a judgment, may be a binding agreement between the parties thereto (*Driver v. Wood,* 114 Ga. 296 (40 SE 257)); second, that a contract made by one during minority may be ratified upon one's majority by conduct (*Yancey v. O'Kelley,* 208 Ga. 600 (2) (68 SE2d 574)). We find appellee's argument unavailing because those principles

have no application to the instant appeal.

There is nothing in the record of this case to indicate that this contract theory was ever presented to the trial court. When the district attorney sought to enforce the judgment after appellant failed to make the required payments, he did not bring a contract action against appellant; he sought to have appellant held in contempt of court for failing to abide by the consent judgment. The order by which the trial court denied appellant's motion to set aside the judgment also found her in wilful contempt of court. To affirm that order would amount to permitting appellee to recover on a contract theory not raised by the pleadings, not tried with the express or implied consent of the parties, and to which appellant had no opportunity to raise defenses. That we refuse to do. See *Smith v. Smith,* 235 Ga. 109 (218 SE2d 843).

The cases cited by appellee in support of his argument do not demand a different result. *Wheeler v. Martin,* 145 Ga. 164 (2) (88 SE 951), cited for the proposition that a minor who is served in a defective manner and then reaches majority before judgment is entered must, in order to attack the judgment, show affirmatively that, after reaching majority, service was not acknowledged or waived in writing and that the defendant did not appear and plead, after reaching majority, is clearly inapposite. Here, appellant was served, acknowledged service, and executed a consent judgment all on the same day. On that day she was still a minor.

It must be emphasized that we take no issue with the proposition that a proper consent order may be treated as a binding agreement, enforceable as a contract or curative of a defect in pleading. Our holding is that, in this case, the judgment against appellant was void for lack of jurisdiction over her person, that the order from which this appeal is taken will not be considered a judgment on a contract, and that the defective service is not cured by the consent of a party who, at the time the consent was given, lacked the capacity to waive the defect.

3. Since we have held that the judgment entered on the consent order was void, it follows that the trial court erred in denying appellant's motion to set aside the

judgment. We find it unnecessary, therefore, to address appellant's other asserted reasons for reversal.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED NOVEMBER 14, 1978.

*William C. Thompson, Kenneth A. Hindman, Steven Gottlieb, Myron N. Kramer,* for appellant.
*David S. Marotte,* for appellee.